UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-417 |
| Plaintiff, | ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) ) | |
| BRANDON BROUGHTON, | ) | **OPINION AND ORDER** |
| Defendant. | ) ) | |

Before the Court is Defendant Brandon Broughton's *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Parts A and B of Amendment 821 to the Sentencing Guidelines. (Doc. No. 23.) Pursuant to General Order 2023-20, the Court appointed the Federal Public Defender's Office to represent the Defendant in evaluating his request for relief and to submit supplemental briefing, if necessary. The Federal Public Defender's Office filed a notice of no intent to supplement. (Doc. No. 24.) The government submitted no response to Defendant's motion.

**I. Background**

On July 7, 2022, Broughton was indicted on three counts of distributing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), with counts one and two involving methamphetamine and count three involving fentanyl. (Doc. No. 11.) On September 19, 2022, Broughton pleaded guilty to all three counts. (Doc. No. 14.) The plea agreement stipulated to a base offense level of 24 because the converted drug weight was at least 100kg and

less than 400kg. (Doc. 14 at 68;[1] U.S.S.G. § 2D1.1(c)(8).) The parties also agreed that the two-level specific offense characteristic for possessing a firearm applied. (*Id.*; U.S.S.G. § 2D1.1(b)(1).) There was no agreement as to criminal history. (*Id.*) The parties contemplated that Broughton would likely be eligible at sentencing for a three-level reduction for acceptance of responsibility. (*Id.*)

At the January 6, 2023 sentencing hearing, the Court determined that the base offense level was 24, with a two-level specific offense characteristic increase because Broughton admitted to possessing two firearms: a Ruger, LC9 9mm pistol and a Romarm Cugir, Micro Draco 7.62 x 39 mm pistol. (Doc. 16 at 108-09; Doc. 20 at 161.) Unlike the plea agreement, the Presentence Report recommended an additional two-level increase for maintaining a drug premise pursuant to U.S.S.G. § 2D1.1(b)(12). (Doc. 16 at 109.) The adjusted offense level was determined to be 28. (*Id.*) The Court reduced the adjusted offense level to credit Broughton's acceptance of responsibility. (*Id.*) Broughton's total offense level was 25. (*Id.*; Doc. 20 at 161.)

The Court determined that Broughton's subtotal criminal history score was four. (Doc. 16 at 114.) But because he was under criminal justice sentences at the time of the offense, two "status points" were added. (*Id.*) Broughton's total criminal history score was six. (*Id.*) Notwithstanding the inclusion of status points, Broughton remained in Criminal History Category III. (*Id.*) The corresponding advisory Guidelines range for a total offense level of 25 and a Criminal History Category III was 70-87 months. (*Id.* at 147.)

After considering the Section 3553(a) sentencing factors, the Court varied downward two levels to allow Broughton to receive the benefit of the offense level computation in his plea

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

agreement. (Doc. No. 20 at 163.) Applying the total offense level of 23 and Criminal History Category III, the plea agreement provided for an advisory Guidelines range of 57-71 months. (*Id*.) The Court sentenced Broughton to a term of imprisonment of 57 months, 3 years of supervised release, and a $100 special assessment. (Doc. 19.)

## II. Discussion

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Section 3553(a) factors weigh in favor of a reduction. 18 U.S.C. § 3582(c)(2).

To comply with Section 3582(c)(2), the court must adhere to a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

> At step one, § 3582(c) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(*Id*. at 821) (internal quotations omitted).

If a reduction is consistent with § 1B1.10(b)(1), the court then proceeds to step two:

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

(*Id*.)

At issue here are two recent amendments to the Sentencing Guidelines: (A) the "status points" provision imposing additional criminal history points when the instant offense was committed while the defendant was already serving a criminal justice act sentence, and (B) a two-level reduction for "Zero-Point Offenders."  (Doc. 23.)  While the amendments took effect after Broughton's sentence became final, the Sentencing Commission made these amendments retroactive.  U.S.S.G. § 1B1.10(e)(2) and Application Note 7 (Nov. 1, 2023).

The Court will address status points first.  Before Part A to Amendment 821 took effect, all defendants received two additional "status points" to their criminal history score if the instant offense was committed while the defendant was serving another criminal justice act sentence.  Now, the status points provision reads as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, supervised release, imprisonment, work release, or escape status.

U.S.S.G § 4A1.1(e).

Broughton had four criminal history points at the time of sentencing, which corresponded to Criminal History Category III.  (Doc. 16 at 114.)  Two status points were added because he was serving a criminal justice act sentence at the time of the charged offense conduct.  (*Id.*)  With a criminal history point total of six, his Criminal History Category remained a III.  Thus, even after the application of Part A to Amendment 821, Broughton's Criminal History Category is undisturbed.  The status point amendment would not have affected the calculation of Broughton's advisory Guideline range.[2]  Accordingly, Broughton's request for relief under Part A of Amendment 821 to the Sentencing Guidelines is denied.

---

[2] At sentencing Broughton received the benefit of a two-level downward variance, which would be similarly undisturbed by the removal of two status points from his criminal history point total.

Broughton also seeks relief under Part B of Amendment 821, which provides for a two-level reduction in the calculated offense level for defendants who qualify as "Zero-Point Offenders." U.S.S.G. § 4C1.1(a). To receive this reduction, all ten stated criteria must be met. Two of the requisite criteria are pertinent here:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

…

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

Broughton received four criminal history points, pursuant to Chapter Four, Part A, for prior criminal convictions. (Doc. 16 at 114.) On this fact alone Broughton cannot demonstrate his eligibility for relief as a Zero-Point Offender. U.S.S.G. § 4C1.1(a)(1). Additionally, Broughton acknowledged possessing two firearms in connection with the offenses charged. (Doc. 14 at 68, 71.) Possessing these firearms disqualifies him from Zero-Point Offender consideration. U.S.S.G § 4C1.1(a)(7). Accordingly, Broughton is not entitled to relief under Part B to Amendment 821 of the Sentencing Guidelines.

### III.  Conclusion

For the reasons stated herein, Defendant Brandon Broughton's motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Parts A and B of Amendment 821 to the Sentencing Guidelines is DENIED.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: September 4, 2024